1 | RICHARD JOHNSTON (SBN 124524)
131-A  Stony Circle, Suite 500
2 | Santa Rosa, CA  95401
Telephone: (707) 577-7422
3 | Facsimile:  (707) 837-9532

4 | Attorney for Plaintiff DAWN RUTHERFORD

5 | RONALD K. ALBERTS (SBN 100017)
TAD A. DEVLIN (SBN 190355)
6 | GORDON & REES LLP
275 Battery Street, Suite 2000
7 | San Francisco, CA  94111
Telephone: (415) 986-5900
8 | Facsimile:  (415) 986-8054

9 | Attorneys for Defendants

10

11 | UNITED STATES DISTRICT COURT

12 | NORTHERN DISTRICT OF CALIFORNIA

13

14 | DAWN RUTHERFORD,                        )  Case No. CV 07-6426 WHA
                                         )
15 |                      Plaintiff,        )  **JOINT CASE MANAGEMENT**
                                         )  **STATEMENT**
16 |       v.                              )
                                         )  Case Management
17 | SCENE 7, INC. LONG TERM DISABILITY PLAN,)  Conference:   April 10, 2008
    PRUDENTIAL INSURANCE COMPANY OF      )  Time:        11:00 a.m.
18 | AMERICA,                              )  Courtroom:   9, 19th Floor
                                         )
19 |                      Defendants.      )  Hon. William H. Alsup
                                         )
20 | _____ )

21 |       The parties hereto submit this Joint Case Management Conference Statement.

22 | (1)    Jurisdiction and Service

23 |       This is an action for disability benefits under the Employee Retirement Income Security

24 | Act (ERISA), 29 USC §1001 *et seq*.  This court has subject matter jurisdiction pursuant to 29 SC

25 | §1132(e) and 28 USC §1367(a).  There are no existing issues respecting personal jurisdiction or

26 | venue.  All parties have been served and have appeared.

27 | (2)    Facts

28 |       Plaintiff's Statement:

PRU/1048781/5567028v.1

-1-

1    Plaintiff Dawn Rutherford was an employee of Scene 7, Inc.  She was covered for long-

2  term disability benefits under defendant Scene 7, Inc. Long Term Disability Plan ("Plan").  In

3  August 2001, she initiated a claim for long-term disability benefits based on her diagnoses of

4  fibromyalgia and depression.  The Plan provided benefits through August 2003, but terminated

5  benefits at that time, pursuant to a determination by defendant Prudential Insurance Company of

6  America ("Prudential"), the claims administrator and insurer for the Plan.  Ms. Rutherford

7  undertook several levels of appeal, and Prudential (collectively with the Plan referred to as

8  "Defendants"), the Plan insurer, affirmed the termination of benefits in July 2004, November

9  2006, and July 2007.

10    Defendants' Statement:

11    Defendants contend the decision to terminate plaintiff's long term disability benefits was

12  correct.  Plaintiff's long term disability benefits were terminated because it was determined

13  plaintiff was no longer disabled from performing the material and substantial duties of her

14  regular occupation.  The medical evidence pertaining to plaintiff did not support a functional

15  impairment precluding plaintiff from working in her regular occupation.

16    The Administrative Record shows that plaintiff was not eligible for coverage pursuant to

17  the terms of her Plan and defendants' decision was proper.

18    The disputed factual issue is whether plaintiff satisfied the Plan's definition of disability

19  as of the date of denial of the claim for benefits.

20  (3)    Legal Issues

21    Plaintiff's Statement:

22    Plaintiff anticipates legal disputes in this matter concerning the determination and

23  application of the standard of review to be applied to the denial of benefits.  Ms. Rutherford

24  believes review should be *de novo*, inasmuch as the language of the underlying group disability

25  insurance policy does not confer discretion on Prudential to determine eligibility for benefits;

26  such language is found only in a separate document styled "ERISA Statement" which expressly

27  provides it is "not part of the Group Insurance Certificate."  Ms. Rutherford believes that,

28  assuming review is to be deferential, the termination of her benefits constituted an abuse of

-2-

1    discretion pursuant to *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir. 2006) (*en*

2    *banc*).  She anticipates issues relating to the appropriate scope of evidence to be considered by

3    the court in its deliberations, and whether the scope of evidence is necessarily confined to the

4    administrative record as produced by Prudential.  She notes as well that the Supreme Court is

5    scheduled to hear oral argument in *MetLife v. Glenn*, Supreme Court docket number 06-923, in

6    late April, and that the decision in that case, presumably forthcoming sometime this summer,

7    could materially impact the analysis of the proper standard of review and the scope of evidence

8    the court might consider.

9       Defendants' Statement:

10       The Plan has discretionary language which is part of the entire ERISA Plan.  Defendants

11    contend the court should review defendants' decision to terminate benefits for abuse of

12    discretion.

13       These issues can be addressed concurrently with the hearing on the merits.

14    (4)     Motions

15       There are no prior or pending motions.

16       Plaintiff's Statement:

17       Ms. Rutherford anticipates this matter will be resolved via cross-motions for summary

18    judgment under Rule 56 of the Federal Rules of Civil Procedure, or alternatively via cross-

19    motions for judgment pursuant to Rule 52.  There may also be discovery motions related to

20    requests to be made by plaintiff.

21       Defendants' Statement:

22       Defendants contend there are no motions to be filed in this action.  The action should be

23    tried on cross trial motions based on the evidence contained in the Administrative Record.

24    (5)     Amendments of Pleadings

25       The parties do not anticipate adding or dismissing any parties, claims, or defenses, or

26    otherwise amending the pleadings absent some change in controlling law.

27    (6)     Evidence Preservation

28       Plaintiff's Statement:

-3-

JOINT CASE MANAGEMENT STATEMENT

1    Ms. Rutherford has not destroyed any evidence in her possession or control relevant to

2 the issues reasonably evident in this action.  As an individual plaintiff, she has no document-

3 destruction program or other ongoing systematic erasures of e-mails, voice mails, and the like.

4    Defendants' Statement:

5    Defendants contend the relevant evidence to this action is contained in the Administrative

6 Record.  In any event, Defendants have not destroyed, and will not destroy, relevant evidence.

7 (7)  Disclosures

8    Plaintiff's Statement

9    The parties have met and conferred, and Plaintiff will make initial disclosures pursuant to

10 Rule 26 of the Federal Rules of Civil Procedure at a date prior to the filing of a responsive

11 pleading by the Plan, which is due April 24.

12    Defendants' Statement:

13    Defendants contend initial disclosures are not required because this action will be tried on

14 the Administrative Record only.  Defendants will produce the Administrative Record by

15 April 24.

16 (8)  Discovery

17    No discovery has been taken to date.

18    Plaintiff's Statement:

19    Ms. Rutherford maintains that discovery is appropriate and should be allowed into a

20 variety of issues which bear on the question of the proper application of the judicial standard of

21 review as established by *Abatie*, *supra*, and similar authorities; the Supreme Court decision in

22 *Glenn*, *supra*, may also impact the scope of discovery.  Plaintiff anticipates there will be a need

23 for judicial resolution of discovery issues on which agreement has not been, and is not likely to

24 be, achieved.

25    Defendants' Statement:

26    Defendants contend there is no basis to conduct discovery and the court should not permit

27 any additional discovery.  *Newman v. Standard Ins. Co.,* 997 F.Supp. 1276, 1280-1281 (C.D.

28 Cal. 1998).

JOINT CASE MANAGEMENT STATEMENT

1  (9)    Class Actions

2         Not applicable.

3  (10)   Related Cases

4         There are no related cases or proceedings pending before another judge of the court or

5  before another court or administrative body.

6  (11)   Relief

7         Plaintiff's Statement:

8         Ms. Rutherford seeks recovery of disability benefits under the Plan pursuant to 29 USC

9  §1132(a)(1)(B).  Based on currently available information she approximates benefits to date at

10  $174,000, with benefits continuing to accrue at the approximate rate of $3,137 per month.  She

11  also seeks an injunction under 29 USC §1132(a)(3) enjoining Prudential from violating ERISA

12  and its enabling regulations with respect to requests for documents pertinent to administrative

13  appeals of adverse benefit determinations.  Ms. Rutherford also seeks pre- and post-judgment

14  interest, and reasonable attorney fees pursuant to 29 USC §1132(g).

15         Defendants' Statement:

16         Plaintiff is not entitled to receive future long term disability benefits under the terms of

17  the Plan.  Under the Plan, plaintiff is only entitled to benefits so long as she is disabled.  The

18  court cannot make any determination of future benefits, because of the availability of sedentary

19  employment for plaintiff and technological advances that allow gainful alternative employment.

20         Defendants seek judgment in their favor on all claims and reserve the right to seek fees

21  under 29 USC §1132(g).

22  (12)   Settlement and ADR

23         The parties believe settlement discussions could be productive, and suggest a referral to

24  mediation.

25  (13)   Consent to Magistrate Judge for All Purposes

26         The Plan does not consent to have a magistrate judge conduct all further proceedings.

27  (14)   Other References

28         The parties do not consider this matter to be suitable for reference to binding arbitration,

JOINT CASE MANAGEMENT STATEMENT

1 | a special master, or the Judicial Panel on Multidistrict Litigation.

2 | (15)    Narrowing of Issues

3 |   None at this time.  The parties will continue to consider, and meet and confer on any

4 | issues that arise which may streamline trial of this matter.

5 | (16)    Expedited Schedule

6 |   The parties do not believe the case could be practicably expedited beyond the typical time

7 | frame for resolution of cases involving disputed entitlement to ERISA benefits.

8 | (17)    Scheduling

9 |   The parties do not anticipate expert testimony, and therefore do not request a schedule for

10 | designation of experts or expert discovery.  The parties request a trial date within one year of the

11 | filing of the complaint, which was filed December 20, 2007.  The parties request that all other

12 | deadlines be set in accordance with this court's custom and practice.

13 | (18)    Trial

14 |   Plaintiff's Statement:

15 |   Plaintiff anticipates a bench trial, or alternatively cross-motions for summary judgment or

16 | for judgment under Rule 52, the hearing for which should be completed within one day.

17 |   Defendants' Statement:

18 |   Defendants contend the streamlined procedures applicable in an ERISA trial should

19 | apply.  An ERISA trial does not involve the normal parameters of a typical trial.  See *Kearney v.*

20 | *Standard Ins. Co.*, 175 F.3d 1084, 1094-1095 (9th Cir. 1999) (*en banc*).  The parties agree trial is

21 | not by jury, but to the bench.  Defendants do not anticipate calling live witnesses or experts, and

22 | any testimonial evidence submitted will be in the form of declarations.  The only documentary

23 | evidence presented will be the Administrative Record.

24 |   Defendants contend the matter should be decided on the parties' trial briefs and the

25 | Administrative Record, and any additional evidence which may be permitted.  Defendants

26 | request the simultaneous exchange of opening trial briefs followed by responding trial briefs for

27 | this matter.  *Kearney, supra*, 175 F.3d at 1090.

28 |

JOINT CASE MANAGEMENT STATEMENT

1    Richard Johnston will try the case for plaintiff, and Ronald Alberts and/or Tad Devlin

2  will try the case for Defendants.

3    The parties agree the pretrial filings normally required, such as pretrial conference

4  statements, are unnecessary.  The parties specifically request a waiver of the Rule 16 pretrial

5  conference and related pretrial requirements, pursuant to Ninth Circuit precedent.

6  (19)   Disclosure of Non-party Interested Entities or Persons

7    The parties are not aware of any other non-party interested entity or person.

8  (20)   Other matters

9    Defendants request the court vacate and reset the case management conference hearing

10  set for April 10, 2008 in this action because Defendants' response to the complaint is not due

11  until April 24, 2008.  Defendants request the initial case management conference be set for a

12  date, convenient with the court, after the case is at issue.

13  DATED:  April 3, 2008

14

15                                         By   /s/ Richard Johnston____
                                              Richard Johnston
16                                            Attorney for Plaintiff
                                              DAWN RUTHERFORD
17

18  DATED:  April 3, 2008

                                              GORDON & REES LLP
19

20                                         By   /s/ Tad A. Devlin_____
                                              Ronald K. Alberts
21                                            Tad A. Devlin
                                              Attorneys for Defendants
22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT