RONALD K. ALBERTS (SBN 100017)
TAD A. DEVLIN (SBN 190355)
GORDON & REES LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111
Telephone: (415) 986-5900
Facsimile:  (415) 986-8054

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWN RUTHERFORD,<br><br>             Plaintiff,<br><br>    v.<br><br>SCENE 7, INC. LONG TERM DISABILITY PLAN, PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>             Defendants. | Case No. CV 07-6426 (WHA)<br><br>**DEFENDANTS' ANSWER TO COMPLAINT** |

Defendants PRUDENTIAL INSURANCE COMPANY OF AMERICA AND SCENE 7, INC. LONG TERM DISABILITY PLAN ("Defendants"), hereby answer the Complaint of Plaintiff DAWN RUTHERFORD ("Plaintiff") in accordance with the numbered paragraphs therein:

1.  Responding to paragraph 1 of the Complaint, Defendants admit that the action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 USC §1001 et seq. Defendants admit that this Court has jurisdiction of the claim under 29 USC Section 1132(e); defendants further admit that plaintiff was at all times a resident of the State of California within the Northern District of the State of California. Defendants admit that the incident

1  occurred within this Court's jurisdiction. Defendants deny that that they failed and refused to perform their obligations.

2.   Responding to paragraph 2 of the Complaint, Defendants admit that plaintiff was employed by Scene 7, Inc. and was a participant in the Long Term Disability Plan ("the Plan") offered by Scene 7, Inc. Defendants admit that the Plan is an employee benefit plan as defined by 29 USC §1002(3). Defendants admit The Plan was funded through the purchase by Scene 7 of a group long term disability insurance policy issued by defendant Prudential Insurance Company of America.

3.   Responding to paragraph 3 of the Complaint, Defendants admit that plaintiff has a mental illness. Defendants deny that she is eligible for benefits under the Plan.

4.   Responding to paragraph 4 of the Complaint, Defendants admit that plaintiff submitted to Prudential a claim for benefits under the Plan in August of 2001.

5.   Responding to paragraph 5 of the Complaint, Defendants admit that Prudential approved payment of benefits for plaintiff's mental illness and paid benefits under the Plan. Defendants admit that Prudential notified plaintiff on August 26, 2003, that the benefits would be discontinued based upon the plan terms. Except as specifically admitted, Defendants deny each and every allegation contained in said paragraph.

6.   Responding to paragraph 6 of the Complaint, Defendants admit that on September 1, 2003, plaintiff's spouse sent defendant Prudential a letter, requesting reconsideration of Prudential's decision to discontinue benefits.

7.   Responding to paragraph 7 of the Complaint, Defendants admit that plaintiff's counsel wrote to Prudential on September 30, 2003, requesting a copy of the administrative record. Except as specifically admitted, Defendants deny each and every allegation contained in said paragraph.

8. Responding to paragraph 8 of the Complaint, Defendants admit that on December 3, 2003, plaintiff's counsel wrote to Prudential and requested further information and documents claiming that the previous packet was missing information. Except as specifically admitted, Defendants deny each and every allegation contained in said paragraph.

9. Responding to paragraph 9 of the Complaint, Defendants admit that on July 27, 2004, Prudential sent plaintiff's counsel a letter in which it upheld its decision to discontinue benefits under the policy. Except as specifically admitted, Defendants deny each and every allegation contained in said paragraph.

10. Responding to paragraph 10 of the Complaint, Defendants admit that on July 28, 2005, plaintiff's counsel wrote to Prudential requesting a further administrative appeal regarding the termination of plaintiff's benefits.

11. Responding to paragraph 11 of the Complaint, Defendants admit that on November 3, 2006, Prudential wrote to plaintiff's counsel advising of its determination to uphold its decision to terminate the benefits under the Plan. Except as specifically admitted, Defendants deny each and every allegation contained in said paragraph.

12. Responding to paragraph 12 of the Complaint, Defendants admit that plaintiff's counsel wrote to Prudential on May 4, 2007, undertaking yet a further administrative appeal of the termination of plaintiff's benefits.

13. Responding to paragraph 13 of the Complaint, Defendants admit that Prudential on July 20, 2007, wrote to plaintiff's counsel advising of its determination to uphold the termination of benefits under the Plan. Except as specifically admitted, Defendants deny each and every allegation contained in said paragraph.

14. Responding to paragraph 14 of the Complaint, Defendants admit that plaintiff's counsel wrote to Prudential on July 30, 2007 requesting a copy of the claim file and the group insurance policy.

15. Responding to paragraph 15 of the Complaint, Defendants admit that Prudential responded to plaintiff's July 30, 2007 letter on August 13, 2007 and provided a complete copy of the claim file. Defendants admit that plaintiff wrote a letter to Prudential on August 22, 2007 notifying that there were missing documents.

16. Responding to paragraph 16 of the Complaint, Defendants admit that Prudential wrote a letter to plaintiff's counsel transmitting a complete copy of plaintiff's Short Term and Long Term Disability policies. Defendants admit that plaintiff's counsel wrote to Prudential on November 16, 2007 claiming there were missing documents and that the policy provided pertained to "Goodhome, Inc." Defendants admit that plaintiff's counsel reiterated his previous request for documents.

17. Responding to paragraph 17 of the Complaint, Defendants admit that on November 28, 2007, Prudential wrote to plaintiff's counsel indicating that they had previously provided counsel with a copy of the Short Term Disability and Long Term Disability Policies and further that the policy name had changed in February, 2001 from Goodhome, Inc to Scene 7, but that the policy exclusions did not change. Except as specifically admitted, Defendants deny each and every allegation contained in said paragraph.

18. Responding to paragraph 18 of the Complaint, Defendants admit that plaintiff exhausted all administrative remedies. Except as specifically admitted, Defendants deny each and every allegation contained in said paragraph.

19. Responding to paragraph 19 of the Complaint, Defendants refer to and incorporate their Response to paragraphs 1 through 18 as though fully set forth herein.

20. Responding to paragraph 20 of the Complaint, Defendants deny each and every allegation contained therein.

21. Responding to paragraph 21 of the Complaint, Defendants deny each

and every allegation contained therein.

22. Responding to paragraph 22 of the Complaint, Defendants refer to and incorporate their Response to paragraphs 1 through 21 as though fully set forth herein.

23. Responding to paragraph 23 of the Complaint, Defendants deny each and every allegation contained therein.

24. Responding to paragraph 24 of the Complaint, Defendants deny each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

25. The Complaint and each of the claims that are asserted against Defendants fail to set forth facts sufficient to constitute a claim for relief against Defendants.

### SECOND AFFIRMATIVE DEFENSE

26. Each and every act or statement done by Defendants, their officers, employees or agents, with reference to the matters at issue, were made pursuant to and consistent with the terms of the Short Term and Long Term Disability plan.

### THIRD AFFIRMATIVE DEFENSE

27. Defendants had a contractual duty to investigate Plaintiff's claim and to determine whether it was properly payable under any contract of insurance. Defendants, in discharging that duty, acted properly at all times herein relevant.

### FOURTH AFFIRMATIVE DEFENSE

28. Each and every act or statement done or made by Defendants, their officers, employees, agents or insurers with reference to the matters at issue, was a good faith assertion of the rights and obligations of defendants and, therefore, was privileged and justified.

## FIFTH AFFIRMATIVE DEFENSE

29. Defendants acted reasonably since plaintiff did not satisfy the terms of the Long Term Disability plan for continued receipt of long-term disability benefits.

## SIXTH AFFIRMATIVE DEFENSE

30. Defendants are informed and believe and thereon allege that Plaintiff has failed to comply with all the conditions precedent, and subsequent, necessary to the existence of coverage under the plan at issue.

## SEVENTH AFFIRMATIVE DEFENSE

31. Plaintiff is estopped and barred from asserting any of the claims set forth in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

32. Plaintiff has, by conduct, agreement, or otherwise, and with knowledge of the matters set forth in the Complaint, accepted the benefits of any acts or omissions on the part of Defendants and Plaintiff has waived any causes of action set forth in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

33. Plaintiff's Complaint does not state the underlying claims made against defendants with sufficient particularity to enable defendants to determine all of its defenses (including defenses based upon the terms, conditions or exclusions of the alleged Plan at issue). Defendants therefore reserve their rights to assert all further applicable defenses to the Complaint once the precise nature of such claims are determined through discovery or otherwise.

## TENTH AFFIRMATIVE DEFENSE

34. Plaintiff's Second Cause of Action for Injunctive Relief is improper because plaintiff has an adequate remedy under her first cause of action for recovery of employee benefits pursuant to ERISA § 502(A)(1)(B); 29 USC §1132(A)(1)(B).

**ELEVENTH AFFIRMATIVE DEFENSE**

35. Plaintiff received disability payment for her mental illness under the policy, for the limited pay period of 24 months. Plaintiff did not meet the conditions for continued disability benefits under the policy beyond the 24 month period.

WHEREFORE, Defendants pray for judgment as follows:

1. That judgment be entered in favor of defendants;
2. That Plaintiff takes nothing;
3. For costs and expert witness fees;
4. For reasonable attorneys' fees; and
5. For such other and further relief as this Court may deem just and proper.

DATED: April 23, 2008

GORDON & REES LLP

By: ___/s/ Ronald K. Alberts___
Ronald K. Alberts
Tad A. Devlin
Attorneys for Defendants
SCENE 7, INC. LONG TERM DISABILITY PLAN, PRUDENTIAL INSURANCE COMPANY OF AMERICA

Defendants' Answer to Complaint                                   Case No. CV 07-06426 (JL)