Richard Johnston - SBN 124524
131-A Stony Circle, Suite 500
Santa Rosa, California 95401
Telephone (707) 577-7422
Facsimile (707) 837-9532

Attorney for Plaintiff
Dawn Rutherford

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dawn Rutherford,<br><br>    Plaintiff,<br><br>vs.<br><br>Scene 7, Inc. Long Term Disability Plan,<br>Prudential Insurance Company of America,<br><br>    Defendants.<br>_____ | Case No. C 07-6426 WHA<br><br>**RUTHERFORD'S MOTION FOR LEAVE TO CONDUCT DISCOVERY PURSUANT TO RULE 56(f)**<br><br>**Date:**       July 10, 2008<br>**Time:**      8:00 a.m.<br>**Courtroom:** 9, 19th Floor<br><br>Hon. William H. Alsup |

By this motion, and in accordance with the court's Case Management Order in Denial-of-Benefits Action Under ERISA (April 10, 2008) ("Case Management Order"), plaintiff Dawn Rutherford seeks leave to conduct discovery pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. Defendants Prudential Insurance Company of America and Scene 7, Inc. Long Term Disability Plan have moved for summary judgment, and Ms. Rutherford has opposed their motion along with a suggestion of *sua sponte* entry of partial judgment in her favor.[1] This motion would be mooted insofar as Ms. Rutherford's claim for LTD benefits under

---

[1] As Ms. Rutherford discusses in her opposition to Prudential's summary judgment motion, her second cause of action is not addressed by the motion and so partial summary judgment is all that is possible even if Prudential prevails.

_____
RUTHERFORD'S MOTION FOR LEAVE TO
CONDUCT DISCOVERY UNDER RULE 56(f)

1  29 USC §1132(a)(1)(B) is in fact adjudicated in connection with summary judgment
2  proceedings, but in that event Ms. Rutherford would still like to conduct discovery regarding
3  the second cause of action for injunctive relief.

5  This is an action for disability benefits under the Employee Retirement Income Security
6  Act.  As more fully developed in the associated summary judgment papers, Prudential
7  terminated Ms. Rutherford's benefits after 24 months, invoking a contractual limitation
8  respecting "self-reported symptoms."  Although it has not moved for judgment on such
9  grounds, according to Prudential's final denial letter prior to litigation it also maintains Ms.
10 Rutherford is not disabled.  *See* 1003.[2]

11 The underlying Prudential policy has appended to it a section entitled "This ERISA
12 Statement is not part of the Group Insurance Certificate."  1161.  Within that section is the
13 following verbiage:

> The Prudential Insurance Company of America as Claims Administrator has the sole discretion to interpret the terms of the Group Contract, to make factual findings, and to determine eligibility for benefits.  the decision of the Claims Administrator shall not be overturned unless arbitrary and capricious.

1162.  Although not conclusively satisfied this language conferred discretion on Prudential, inasmuch as it was expressly "not part of the Group Insurance Certificate," Rutherford counsel anticipated the language would be invoked by Prudential to argue the termination Ms. Rutherford's benefit should be subject to deferential judicial review pursuant to *Abatie v. Alta Life & Health Ins. Co.,* 458 F.3d 955, 967 (9th Cir. 2006).  Indeed, in the parties' Joint Case Management Statement (April 3, 2008), Prudential averred "The Plan has discretionary language which is part of the entire ERISA Plan.  Defendants contend the court should review defendants' decision to terminate benefits for abuse of discretion."  *Id.* at 3:10-12.

---

[2] Unlabeled page citations such as this are to the Bates-stamped page numbers on the documents filed by Prudential along with its Notice of Manual Filing of Administrative Record (June 5, 2008).  The numbers on the documents include the designation "PRUR"; that designation is omitted in the citations in the text.

RUTHERFORD'S MOTION FOR LEAVE TO
CONDUCT DISCOVERY UNDER RULE 56(f)           2

Consequently, on April 7, 2008, Rutherford counsel sent to defense counsel a letter describing anticipated discovery and requesting that the appropriate evidence be preserved pending adjudication of any discovery disputes. Declaration of Richard Johnston Submitted by Rutherford on Support of Motion for Leave to Conduct Discovery Pursuant to Rule 56(f) ("Johnston Declaration"), ¶2; Exhibit A to Johnston Declaration.

At the case management conference on April 10, the court ordered Prudential to file a summary judgment motion, and Ms. Rutherford to oppose it along with this motion. *See* Case Management Order.

When the summary judgment papers were filed, however, Prudential unilaterally "stipulated" to a *de novo* adjudication in this matter. *See* Defendants' The Prudential Insurance Company of America and Scene 7 Inc. Long Term Disability Plan's Memorandum of Points and Authorities in Support of Motion for Summary Judgment (June 5, 2008) ("Prudential Motion") at 1:8-9. Based on that, Prudential has argued neither discovery nor any augmentation of the claim file it has already produced is appropriate. *See id.* at 13:11 - 14:7.

Despite Prudential's unilateral "stipulation," however, Ms. Rutherford believes discovery is appropriate in this matter.

Rule 56(f) provides:

> (f) When Affidavits Are Unavailable. If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1)   deny the motion;
>
> (2)   order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
>
> (3)   issue any other just order.

In order to secure relief under Rule 56(f), a party must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist, and (3) the sought-after facts are essential to oppose summary judgment. *Family Home and Finance Center, Inc. v. Fed. Home Loan Mtg. Corp.,* 525 F.3d 822, 827 (9th Cir. 2008). For the

---
RUTHERFORD'S MOTION FOR LEAVE TO
CONDUCT DISCOVERY UNDER RULE 56(f)           3

following reasons, Ms. Rutherford should be considered to have made that showing.

First, she notes this is not the usual circumstance in which such a motion is presented. As her counsel understood it, the court fashioned this procedure so that a summary judgment motion by the defense could define the material issues, in turn defining the parameters of permissible discovery. Thus, this is not the more typical case where, at the conclusion of discovery, a summary judgment motion posits unanticipated issues requiring additional discovery. It arises, rather, in a proceeding relatively early in the process, and the court (to counsel's understanding) intends to use the Rule 56(f) procedure as a means to define discovery for the case more generally.[3]

In this case it appears Prudential has "stipulated" to a *de novo* adjudication for the purpose of foreclosing discovery; there certainly does not appear to be any other reason why a party would voluntarily surrender deferential judicial review. To some extent that gambit has admittedly succeeded, as the some inquiries pertinent to a standard-of-review dispute where discretion has been conferred, *see* Exhibit A to Johnston Declaration, become immaterial to some extent once it is determined review will not be deferential after all.

Even in this case involving a *de novo* adjudication, however, discovery about Prudential's conflict of interest remains appropriate:

> In order to enable the district court to come to a fully informed and independent judgment regarding the question of whether the plaintiff is entitled to benefits, ... the Ninth Circuit has held that a district court has the discretion to consider evidence outside the record when conducting a *de novo* review of a benefits decision.

*Waggener v. UNUM Life Ins. Co. of America,* 238 F.Supp.2d 1179, 1183 (S.D.Cal. 2002).

Circumstances where the introduction of evidence beyond the administrative record include:

> claims that require consideration of complex medical questions or issues regarding the credibility of medical experts; the availability of very limited review procedures with little or no evidentiary record; the necessity of evidence regarding interpretation of the terms of the plan rather than specific historical facts; instances where the payor and the administrator are the same entity and the court is concerned about impartiality; claims which would have been insurance contract claims prior to ERISA; and circumstances in

---

[3] We note, for example, at the April 10 case management conference the court ordered Rutherford counsel to conduct no discovery at all until this motion was presented and adjudicated.

RUTHERFORD'S MOTION FOR LEAVE TO
CONDUCT DISCOVERY UNDER RULE 56(f)            4

which there is additional evidence that the claimant could not have presented in the administrative process.

*Opeta v. Northwest Airlines Pension Plan for Contract Employees*, 484 F.3d 1211, 1217 (9th Cir. 2007) (quoting *Quesinberry v. Life Ins. Co. of N. Am.,* 987 F.2d 1017, 1027 (4th Cir. 1993). Several of these circumstances are present here: significant questions about the credibility of Prudential's medical reviewers arise, particularly regarding Dr. Kimelman and his accusations that Ms. Rutherford "magnified her symptoms" during his three-part, lengthy examination of Ms. Rutherford. *See, e.g.,* Rutherford's Opposition to Prudential's Summary Judgment Motion and Suggestion of *Sua Sponte* Entry of Partial Judgment for Rutherford 11:17 - 12:13. Based on such concerns, Ms. Rutherford seeks to depose Dr. Kimelman. Johnston Declaration, ¶3.

Similarly, Ms. Rutherford submits James Furman, who issued the final denial of benefits in this case and arranged for various medical and vocational reviews, is open to significant question respecting his credibility and bias against claimants. *See id.* at 14, n.12; 21:24 - 22:8. Mr. Furman is also the Prudential staffer who ignored serial requests for legally required information, *see* Complaint, ¶¶14 - 17. Ms. Rutherford desires to take his deposition as well. Johnston Declaration, ¶4.

Prudential should also have to produce in discovery the materials it refused to produce prior to litigation. *See* Complaint, ¶16- 17; Johnston Declaration, ¶5.

Alternatively to the foregoing, Ms. Rutherford notes there are but two ways a court might conduct a *de novo* adjudication even when an underlying ERISA plan confers discretion. one is where the administrator failed to exercise discretion, *Jebian v. Hewlett-Packard Co. Employee Benefits Organization Income Protection Plan,* 349 F.3d 1098, 1106 (9th Cir. 2003), and that did not happen here. The other is if "violations are so flagrant as to alter the substantive relationship between the employer and the employee, thereby causing the beneficiary substantive harm," or if the "administrator engages in wholesale and flagrant violations of ERISA, and thereby acts in utter disregard of the underlying purpose of the plan as well." *Abatie, supra,* 458 F.3d at 971. By agreeing to a *de novo* adjudication when the plan

---

RUTHERFORD'S MOTION FOR LEAVE TO
CONDUCT DISCOVERY UNDER RULE 56(f)                    5

1  arguably confers discretion, Prudential has effectively conceded those standards are satisfied,
2  i.e. that is what Prudential is presumptively trying to hide by forestalling discovery with its
3  concession.
4      As noted, in a *de novo* adjudication the court has discretion to admit evidence regarding
5  such things as issues regarding credibility of medical experts and concerns about
6  administrator partiality.  In light of Prudential's implicit concession of wholesale and flagrant
7  violations of ERISA, as a alternative to allowing discovery to proceed, the court should draw
8  adverse inferences about Prudential's impartiality and credibility accordingly when it
9  adjudicates this matter.

Dated: June 19, 2008

                                         /s/
                               Richard Johnston
                               Attorney for Plaintiff
                               Dawn Rutherford