Richard Johnston - SBN 124524
131-A Stony Circle, Suite 500
Santa Rosa, California 95401
Telephone (707) 577-7422
Facsimile (707) 837-9532

Attorney for Plaintiff
Dawn Rutherford

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dawn Rutherford,<br><br>       Plaintiff,<br><br>vs.<br><br>Scene 7, Inc. Long Term Disability Plan,<br>Prudential Insurance Company of America,<br><br>       Defendants.<br>_____ | Case No. C 07-6426 WHA<br><br>**DECLARATION OF RICHARD JOHNSTON SUBMITTED BY RUTHERFORD IN SUPPORT OF MOTION FOR LEAVE TO CONDUCT DISCOVERY PURSUANT TO RULE 56(f)**<br><br>**Date:**       July 10, 2008<br>**Time:**      8:00 a.m.<br>**Courtroom:**  9, 19th Floor<br><br>Hon. William H. Alsup |

Richard Johnston declares as follows:

**1.**     I am counsel for plaintiff Dawn Rutherford in this matter. I have direct, personal and firsthand knowledge of the following facts, and know them to be true. If called upon to do so, I could and would competently testify thereto.

**2.**     Attached hereto as Exhibit A is a true and correct copy of a letter I personally prepared and sent via electronic mail and First Class Mail to defense counsel Tad A. Devlin, Esq. I transmitted this letter on April 7, 2008.

_____
JOHNSTON DECLARATION SUPPORTING
RUTHERFORD'S RULE 56(f) MOTION

**3.** It is my opinion that the credibility of Alan Kimelman, M.D., is potentially a very material issue in this case. Dr. Kimelman conducted a medical examination of Ms. Rutherford at Prudential's behest, and issued a report in which, among other things, he accused her of "symptom magnification." Prudential placed a great amount of weight, in my evaluation, on Dr. Kimelman's report in upholding the termination of Ms. Rutherford's benefits. For these reasons, Ms. Rutherford desires to take Dr. Kimelman's deposition and require him to produce appropriate associated documentation.

**4.** It is my opinion the deposition of James Furman is also necessary. Mr. Furman issued the final denial of benefits in this matter; arranged for medical and vocational reviews; and otherwise managed Prudential's conduct in the critical latter stages of the processing of Ms. Rutherford's claim and appeals. For these reasons, Ms. Rutherford desires to take Dr. Kimelman's deposition and require him to produce appropriate associated documentation as well.

**5.** Prior to filing this action. I corresponded several times with Mr. Furman seeking documentary materials which, in my opinion, Prudential was required by law to produce. These transactions are described in Ms. Rutherford's complaint in this matter at paragraphs 14 through 17. Ms. Rutherford seeks to compel the production of these materials, both because we maintain Prudential was obligated to produce them previously and because they may well bear on the court's decision as to whether to render injunctive relief on Ms. Rutherford's second cause of action.

**6.** I respectfully request that any decision the court makes at this time respecting discovery entitlements be without prejudice to subsequent requests for leave to conduct discovery, based on developments as they may occur.

JOHNSTON DECLARATION SUPPORTING
RUTHERFORD'S RULE 56(f) MOTION                2

1  I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed in Santa Rosa, California.

Dated June 19, 2008.

                                      /s/
                             Richard Johnston