RONALD K. ALBERTS (SBN 100017)
TAD A. DEVLIN (SBN 190355)
GORDON & REES LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone (415) 986-5900
Facsimile (415) 986-8054
Email ralberts@gordonrees.com
Email tdevlin@gordonrees.com

Attorneys for Defendants
SCENE 7, INC. LONG TERM DISABILITY PLAN and
THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWN RUTHERFORD,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SCENE 7, INC. LONG TERM DISABILITY PLAN, PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>　　　　　Defendants. | Case No. CV 07-6426 (WHA)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT DISCOVERY**<br><br>Date:　　July 10, 2008<br>Time:　　8:00 a.m.<br>Dept.:　　9 |

Defendants THE PRUDENTIAL INSURANCE COMPANY OF AMERICA and SCENE 7 INC. LONG TERM DISABILITY PLAN ("Defendants") hereby submit their Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Leave to Conduct Discovery.

## I. INTRODUCTION

In this case, Defendants have stipulated to a *de novo* review of the administrative record created in connection with Plaintiff's claim for long term disability benefits. Plaintiff's claim is governed by ERISA. The Plan's benefits were insured by Defendant The Prudential Insurance

-1-

Defendants' Opposition to Plaintiff's
Motion for Leave to Conduct Discovery　　　　　　　　　　　　Case No. CV 07-6426 (WHA)

Company of America ("Prudential"). Plaintiff, of course, does not dispute *de novo* review in this case.

Where the claim determination is reviewed *de novo*, discovery is permitted only under exceptional circumstances. No discovery is permissible unless the circumstances clearly establish the information sought is "necessary" for the court to conduct an "adequate" review. Plaintiff seeks to obtain documents and take depositions without satisfying her burden of first establishing the court is unable to conduct an adequate review of the administrative record in the absence of the information requested.

Because Plaintiff has not satisfied the heavy burden of establishing an exception to the general prohibition of discovery in an ERISA matter, her motion should be denied.

## II. BACKGROUND

Plaintiff claims she is totally disabled based, in large part, on a diagnosis of fibromyalgia. Prudential concluded, based on the administrative record, that Plaintiff's fibromylagia disability was based on self-reported symptoms and therefore subject to a 24-month benefits limitation. The basis and grounds are fully set forth in Defendants' Motion for Summary Judgment and the Reply Memorandum filed concurrently herewith. In the interests of judicial economy and paper efficiency, Defendants respectfully refer this court to Defendants' moving papers for a detailed summary and analysis of Prudential's determination of Plaintiff's claim for benefits.

## III. LEGAL ANALYSIS

### A. The *De Novo* Standard Of Review Applies To This Case

There is no dispute the *de novo* standard of review will be applied to this case, per the parties' stipulation. This court should review Prudential's benefits determination *de novo* "regardless of whether the administrator or fiduciary is operating under a possible or actual conflict of interest." See *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006), citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).

Because the *de novo* standard applies, this court's determination does not turn on Prudential's actions at the administrative level. Instead, on *de novo* review, the court "simply

proceeds to evaluate whether the plan administrator correctly or incorrectly denied benefits." *Abatie, supra,* 458 F.3d at 963. In other words, under *de novo* review, the court determines for itself if Plaintiff is entitled to benefits.

### B. Discovery Is Permitted Only Under Exceptional Circumstances

Discovery is only permitted in an ERISA case under exceptional circumstances. In *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*, 46 F.3d 938, 943-44 (9th Cir. 1995), the Ninth Circuit held a district court has limited discretion to admit evidence outside of the administrative record in an ERISA case where the *de novo* standard of review is applied. However, even under the *de novo* standard, extrinsic evidence may only be admitted under "certain circumstances" and for the sole purpose of enabling "the full exercise of informed and independent judgment." *Id.* at 943. *Mongeluzo* emphasized the narrowness of the exception to the general rule precluding extrinsic evidence. *Ibid.*, quoting *Quesinberry v. Life Ins. Co. of North America*, 987 F.2d 1017, 1025 (4th Cir. 1993)).[1] The Ninth Circuit adopted the following language of the Fourth Circuit as the Ninth Circuit's rule of discovery in an ERISA case:

> "We . . . believe that the purposes of ERISA . . . warrant significant restraints on the district court's ability to allow evidence beyond what was presented to the administrator. In our view, the most desirable approach to the proper scope of *de novo* review under ERISA is one which balances the multiple purposes of ERISA. Consequently, we adopt a scope of review that permits the district court *in its* discretion to allow evidence that was not before the plan administrator. The district court should exercise its discretion, however, <u>only when circumstances clearly establish that additional evidence is necessary to conduct an adequate *de novo* review of the benefit decision</u>. In most cases, where additional evidence is not necessary for adequate review of the benefits decision, the district court should only look at the evidence that was before the plan administrator . . . at the time of the determination." [Emphasis added.]

---

[1] In *Mizzell v. Paul Revere Ins. Co.*, 278 F.Supp.2d 1146, 1150 fn.6 (C.D. Cal. 2003), the District Court described the holding in *Mongeluzo* as creating a "discovery exception."

-3-

Defendants' Opposition to Plaintiff's
Motion for Leave to Conduct Discovery                           Case No. CV 07-6426 (WHA)

Plaintiff's motion suggests that a conflict of interest is important to deciding whether she is entitled to conduct discovery in this case. Plaintiff's contention on this point is inaccurate; a conflict of interest analysis only comes into play, if at all, when the standard of review is abuse of discretion. The *Abatie* decision in 2006 left the Ninth Circuit's marked restrictions on discovery in an ERISA action employing the *de novo* standard unchanged. See, generally, *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (2006). Although *Abatie* addressed the extent to which extrinsic evidence of a plan administrator's conflict may be considered by the district court when deciding the degree of deference given to the administrator's decision, this analysis only applies where there is a claim the court should apply an <u>abuse of discretion</u> review based on plan provisions ostensibly granting such deference. *Abatie* did not concern itself with consideration of extrinsic evidence when conducting a *de novo* review.

That *Abatie* did not alter the *Mongeluzo* rule regarding discovery is confirmed by the Ninth Circuit's reliance on *Mongeluzo*, after *Abatie*, to support its holding that extrinsic evidence is only admissible in an ERISA action when circumstances "clearly establish" an "adequate *de novo* review of the benefit decision" requires its admission.

In *Opeta v. Northwest Airlines Pension Plan*, 484 F.3d 1211 (9th Cir. 2007), the Ninth Circuit held the district court abused its discretion in admitting extrinsic evidence. In *Opeta*, the plaintiff Opeta became disabled and applied for disability pension benefits. To resolve a disagreement over whether Opeta was eligible for benefits, the parties agreed an IME would be performed and the IME doctor would make a "final and binding" decision on the issue. The IME doctor concluded Opeta was totally and permanently disabled. The plan denied benefits based on the IME and "other evidence." At trial based upon a *de novo* review, the plan was permitted, over Opeta's objections, to introduce a textual description of an undisclosed surveillance videotape and the videotape itself, filmed two months before the IME, showing Opeta doing yard work.

The *Opeta* Ninth Circuit Court of Appeals determined the district court failed to conduct the proper analysis before admitting extrinsic evidence. *Opeta*, 484 F.3d at 1217. *Opeta* noted,

-4-

as the Ninth Circuit did in *Mongeluzo,* the Fourth Circuit provided a list of exceptional circumstances where introduction of evidence outside the administrative record might be necessary:

> claims that require consideration of complex medical questions or issues regarding the credibility of medical experts; the availability of very limited administrative review procedures with little or no evidentiary record; the necessity of evidence regarding interpretation of the terms of the plan rather than specific historical facts; instances where the payor and the administrator are the same entity and the court is concerned about impartiality; claims which would have been insurance contract claims prior to ERISA; and circumstances in which there is additional evidence that the claimant could not have presented in the administrative process.

*Id.,* citing and quoting *Quesinberry, supra,* 987 F.2d at 1027.

Relying on *Mongeluzo* and *Quesinberry*, the Ninth Circuit Court of Appeals in *Opeta* found the factual circumstances did not warrant admission of extrinsic evidence. The plan could have submitted the textual description and videotape to the IME doctor. The plan did not do so. *Opeta,* 484 F.3d at 1219. *Opeta* also determined the testimony of the IME doctor, another doctor, Opeta himself, and the videographer should not have been admitted because the circumstances did not establish any of it was necessary for the district court to conduct an adequate *de novo* review. The *Opeta* Court of Appeals commented the IME doctor's opinions were sufficiently contained in his report. <u>The *Opeta* Court of Appeals held the other testimony was irrelevant on the sole issue of whether the plan properly denied benefits.</u> *Id.* at 1219-1220 [emphasis added].

If the videotape was helpful to the plaintiff and not submitted to the IME doctor, conversely, the *Opeta* Court of Appeals would still have considered it inadmissible. The decision is consistent with *Mongeluzo* and its progeny. Since the IME doctor already concluded

plaintiff was disabled, a videotape supporting the plaintiff's position was unnecessary to conduct an adequate *de novo* review. *Id.*

Other Ninth Circuit authority affirms Prudential's proper position that discovery beyond the administrative record under these circumstances is impermissible. In *Silver v. Exec. Car Leasing Long-Term Disability Plan*, 466 F.3d 727 (9th Cir. 2006), the court of appeals reiterated that only in limited circumstances should extrinsic evidence be admitted. Plaintiff contested some of the evidentiary rulings made by the district court during the bench trial. *Silver* held none of the items excluded, such as the Social Security Administration approval of benefits, medical information from various reference sources, a report prepared by a vocational expert providing new information about plaintiff's job stress, were necessary to the district court's *de novo* review. *Silver*, 466 F.3d at 732, fn.2.

### C. Plaintiff Has Not Satisfied Her High Burden of Clearly Establishing A Right to Discovery

Because discovery in an ERISA case is permitted only as an exception to the general rule precluding discovery, Plaintiff, as the person seeking to conduct discovery in this case, bears the high burden of showing exceptional circumstances exist here which "clearly establish" the information she is seeking through discovery is "necessary" to conduct an "adequate *de novo* review." See *Thomas v. Continental Cas. Co.*, 7 F.Supp.2d 1048, 1056 (C.D. Cal. 1998) (declining to consider evidence outside of the administrative record, on *de novo* review, because of the lack of a "showing of such unusual circumstances" as required by *Mongeluzo*).

With the exception of the bald assertion of bias – with no factual support – Plaintiff's motion sets forth no grounds establishing leave should be granted for discovery in over ten categories of items referenced in Plaintiff's counsel's letter of April 7, 2008. The administrative record, which includes the Plan documents and every document related to Plaintiff's claim (see Declarations of Tamika Williams and Edith Ewing filed concurrently with Defendants' Motion for Summary Judgment) was already provided to Plaintiff.

-6-

Defendants' Opposition to Plaintiff's
Motion for Leave to Conduct Discovery                                    Case No. CV 07-6426 (WHA)

Plaintiff claims Dr. Kimelman's credibility is questionable, even though he based his report on three sessions of personal examinations and evaluations, and his review of Plaintiff's records. (PRUR 00148 -00190.) While Plaintiff, not surprisingly, takes issue with the doctor's finding of symptom magnification, she provides no basis for her challenge. Also, Plaintiff's contention that Prudential's James Furman's credibility is questionable is meritless and unfounded. Plaintiff provides no factual support for her contention. In any event, Prudential's alleged bias is not at issue in a case on *de novo* review.

Plaintiff failed to present even a colorable argument the documents or depositions she has requested are clearly necessary for the court to conduct an adequate *de novo* review of the administrative record.

## IV.   CONCLUSION

Discovery in an ERISA case is only allowed under exceptional circumstances and only if the party requesting the discovery shows the circumstances clearly establish the information sought is necessary for the court to conduct an adequate *de novo* review. This is a high hurdle and one which Plaintiff does not clear. Plaintiff failed to satisfy her high burden of showing exceptional circumstances clearly exist, requiring deviation from the general prohibition on discovery in an ERISA case.

Defendants respectfully request this court deny Plaintiff's motion for discovery.

DATED: June 26, 2008

GORDON & REES LLP

By _____
Ronald K. Alberts
Tad A. Devlin
Attorneys for Defendants
SCENE 7, INC., LONG TERM DISABILITY PLAN and THE PRUDENTIAL INSURANCE COMPANY OF AMERICA