RONALD K. ALBERTS (SBN 100017)
TAD A. DEVLIN (SBN 190355)
GORDON & REES LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone (415) 986-5900
Facsimile (415) 986-8054
Email ralberts@gordonrees.com
Email tdevlin@gordonrees.com

Attorneys for Defendants
SCENE 7, INC. LONG TERM DISABILITY PLAN and
THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWN RUTHERFORD,<br><br>            Plaintiff,<br><br>v.<br><br>SCENE 7, INC. LONG TERM DISABILITY PLAN, PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>            Defendants. | Case No. CV 07-6426 (WHA)<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S REQUEST FOR *SUA SPONTE* PARTIAL SUMMARY JUDGMENT**<br><br>Date:    July 10, 2008<br>Time:   8:00 a.m.<br>Dept.:   9 |

Defendants THE PRUDENTIAL INSURANCE COMPANY OF AMERICA and SCENE 7 INC. LONG TERM DISABILITY PLAN ("Defendants") submit their Memorandum of Points and Authorities in Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment, and Plaintiff's Request for *Sua Sponte* Partial Summary Judgment.

## I. INTRODUCTION

"At the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a

-1-

genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-250 (1986).

Plaintiff's opposition seeks to prove that her current medical conditions are not excluded by the "self-reported symptoms" benefit limitation in the Plan. Plaintiff does not dispute the applicability of the mental illness limitation and concedes Prudential's 24-month LTD benefits limitation applies to her mental illness. However, Plaintiff fails to raise a genuine issue of material fact that her conditions are anything other than *primarily* self-reported, and therefore, are limited to 24 months by the very terms of the Plan.

Although Plaintiff concedes that the Court's review of the Claim Administrator's decision on Plaintiff's benefits is *de novo*, she nonetheless attempts to assert a "conflict of interest" argument appropriate only for abuse of discretion review and to request further discovery outside of the administrative record. Those arguments, and Plaintiff's separate Motion for Leave to Conduct Discovery, fail. Plaintiff is unable to carry her heavy burden to prove she is entitled to an exception and fails to clearly establish the circumstances which warrant additional discovery.

There is no genuine issue of material fact and Prudential's decision to terminate Plaintiff's LTD benefits based on the 24-Month limitation is strongly supported by the evidence contained in the administrative record. The medical records, including those of Plaintiff's own treating physicians, lacked objective verification of Plaintiff's *primarily* self-reported symptoms. There is also no basis for Plaintiff's request that *sua sponte* summary judgment be granted.

///
///
///

Defendants' Reply to Plaintiff's
Opposition to Defendants'
Motion for Summary Judgment

Case No. CV 07-6426 (WHA)

## II. THERE IS NO DISPUTE THAT PRUDENTIAL'S DECISION IS SUBJECT TO DE NOVO REVIEW

Where the *de novo* standard is applied, the district court simply evaluates whether the benefits were correctly or incorrectly denied pursuant to the terms of the Plan. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th. Cir. 2006). In other words, under *de novo* review, the court determines if the Plaintiff is entitled to benefits.

Whether benefits were properly denied must be determined exclusively by a review of the information within the "administrative record." *Taft v. Equitable Life Assurance Society*, 9 F.3d 1469, 1472 (9th Cir. 1993). Discovery is only permitted in an ERISA case under exceptional circumstances and a district court has limited discretion to admit evidence outside of the administrative record in an ERISA case where the *de novo* standard of review is applied. A court may consider evidence outside the record only if the circumstances clearly establish that additional evidence is necessary. *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*, 46 F.3d 938, 943-44 (9th Cir. 1995).

The application of a *de novo* review is undisputed. Plaintiff, however, incorrectly argues she is entitled to augment the record based on a conflict of interest and seeks leave for discovery. There is no legal authority for the proposition that a conflict of interest analysis plays a role in a *de novo* review. See *Abatie, supra,* 458 F.3d at 969. As more fully set forth in Defendants' Opposition to Plaintiff's Motion for Leave to Conduct Discovery (filed concurrently herewith), Plaintiff utterly fails to satisfy the heavy burden (in a case subject to *de novo* review) to establish there are any circumstances which would require augmenting the administrative record and allowing Plaintiff to conduct discovery.

The administrative record contains every possible document about every stage and aspect of Plaintiff's disability claim,[1] and it conclusively and independently proves Plaintiff's LTD benefits were properly discontinued due to her mental illness and primarily self reported symptoms.

---

[1] *See* Declarations of Tamika Williams and Edith Ewing (filed with Defendants' Motion for Summary Judgment).

-3-

Defendants' Reply to Plaintiff's
Opposition to Defendants'
Motion for Summary Judgment

Case No. CV 07-6426 (WHA)

### III. PRUDENTIAL APPROPRIATELY APPLIED THE 24 MONTH LIMITATION OF BENEFITS BASED ON EITHER PLAINTIFF'S MENTAL ILLNESS OR PLAINTIFF'S PRIMARILY SELF REPORTED SYMPTOMS

#### A. Plaintiff Concedes the Mental Illness LTD Benefits Limitation Applies

There is no disputed issue with respect to the mental illness limitation under the Plan because Plaintiff concedes she has an ongoing mental illness, which is subject to the 24-month limitation, per the Plan terms.

#### B. Plaintiff Cannot Dispute That Her Symptoms Are *Primarily* Self-Reported

The Plan states, in pertinent part,

> "Disabilities due to a sickness or injury which, as determined by Prudential, are ***primarily*** based on ***self-reported symptoms*** have limited pay period during your lifetime. Disabilities which, as determined by Prudential, are due in whole or in part to mental illness also have a limited pay period during your lifetime.
>
> The limited pay period for self-reported symptoms and mental illness combined is 24 months during your lifetime." (PRUR 01147.)
>
> [Emphasis added.]

The Plan also states,

> "*Self-reported symptoms* means the manifestations of your condition, which you tell your doctor, that are not verifiable using tests, procedures and clinical examinations standardly accepted in the practice of medicine. Examples of self-reported symptoms include but are not limited to headache, *pain, fatigue*, stiffness, soreness, ringing in ears, dizziness, numbness and loss of energy." (PRUR 00148.) [Emphasis added.]

There is no doubt that fibromyalgia is an "elusive and mysterious disease," *Chellino v. Kaiser Found. Health Plan, Inc.*, No. C 07-03019 CRB, 2008 U.S. Dist. LEXIS 23902 (N. D.

Cal. March 26, 2008) at *25, the symptoms of which are "**entirely subjective,**" *Jordan v. Northrop Grumman*, 370 F. 3d 869, 872 (9th Cir. 2003) [emphasis added], and primarily based on plaintiff's self-reported pain complaints. *Benecke v. Barnhart*, 379 F.3d 587, 589 (9th Cir. 2004); *see also Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065 (9th Cir. 1999). Accordingly, Plaintiff cannot overcome the 24 month long term benefits limitation here, as evidenced in the administrative record, since her fibromyalgia was *primarily* based on her *self-reported* symptoms including pain, fatigue and tenderness along her body. (*See* PRUR 00906; 00429; 00446; 00774; 00794; 00698 – 00699; 00214.)

Plaintiff cites no authority from this circuit – because there is none – supporting her contention that fibromyalgia symptoms are not subject to self-reported symptoms limitations. Plaintiff's reliance on her treating physicians' diagnosis is also misplaced. Not only do those diagnoses rely primarily on Plaintiff's own self-reported complaints of pain and tenderness, but also, the opinion of a treating physician "gets no special weight," and "can be rejected on the basis of reliable evidence." *See Jordan v. Northrop Grumman*, 370 F.3d 869, 879 (9th Cir. 2003). Plaintiff's references to her treating doctors bolster the fact that her doctors' diagnoses were based on Plaintiff's subjective complaints.

In support of summary judgment, Defendants cited reliable, independent evidence clearly illustrated in the administrative record. That evidence includes an extensive three-day Independent Medical Examination of Plaintiff, which revealed that Plaintiff's symptoms were magnified, her pain complaints, at best, were not verifiable (and in many instances unexplainable), and her symptoms were psychiatric, not physical. (*See* PRUR 00185.)

Plaintiff also ignores, and in doing so, concedes, the arguments set forth by Defendants in their moving papers and the administrative record with regard to the sleep disorder issue. Any alleged sleep disorder claim is also unpersuasive because the single sleep study test on which plaintiff relies has been found, by independent medical review, not to be specific to fibromyalgia and can be found in normal and depressed individuals who have experienced viral illnesses.

1  (*See* PRUR 00214.) Contrary to Plaintiff's claims, an abnormal sleep study is not conclusive,
2  objective verification of fibromyalgia.

### C. Prudential Continuously Advised Plaintiff of the Self-Reported Limitation and Gave Plaintiff Numerous Opportunities to Respond

Plaintiff's argument about when Prudential invoked the self-reported symptoms limitation has no effect on this court's *de novo* review of Prudential's decision. Prudential did, in fact, inform Plaintiff of the self-reported symptoms limitation and the basis for its decision on numerous occasions and allowed Plaintiff had ample opportunities to respond. Plaintiff responded in her several appeals. (PRUR 01060-1063; PRUR 00367-00368; PRUR 01015.) In response to each appeal and in rendering its decision, Prudential wrote a detailed basis for its decision. Plaintiff has had extensive notice and multiple opportunities to respond to the self-reported symptoms limitation. She cannot now genuinely claim she was surprised or subject to unfair advantage exercised by Prudential.

### D. Degenerative Disc Disease and Mediation Effects

Plaintiff attempts to argue she also had degenerative disc disease, a physical condition not subject to the LTD benefit limitation. To support this, Plaintiff again relies on the stated diagnosis with no objective finding. Even the MRI Plaintiff cites shows only mild degenerative changes, not evidence of disc bulge or herniation. (PRUR 00732.) As explained by Dr. Kimelman – whose report Plaintiff miscites – the significance of the September 2001 MRIs to which Plaintiff refers is as follows: the findings are mild and might be associated with increased pain with prolonged weight bearing. (PRUR 00182.) Moreover, the neuron-diagnostic evaluation showed no evidence of lumbar sacral radiculopathy. *Id.* Even if the diagnosis of degenerative disc disease is accepted as true, as Dr. Kimelman stated in his IME report (issued following three days of examinations and evaluations of plaintiff), "the severity of disability claimed from this condition is not supported." There were also findings of Plaintiff's symptom magnification throughout his examinations. (PRUR 00185.) Dr. Kimelman noted Plaintiff's conditions were more psychiatric than orthopedic, neurological or musculoskeletal. *Id.*

-6-

Indeed, the mere existence of an impairment is insufficient proof of disability. *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993). Here, there is insufficient proof of a disability from the degenerative disc disease diagnosis, and it cannot be used to circumvent the benefits limitation in this case based on Plaintiff's primarily self-reported symptoms.

Plaintiff's argument regarding medication effects is a red herring. Plaintiff has not made a claim of disability due to cognitive impairment. To the effect there may be, the majority of medications listed are for Plaintiff's mental conditions of anxiety and depression (*e.g.*, Xanax, Prozac), which are anti-depressants also used to treat symptoms related to fibromyalgia. In fact, over the course of three days of examinations, Plaintiff took her medications on two of the days. Dr. Kimelman, who evaluated and examined Plaintiff on all three days, indicated her "cognitive levels did not significantly change between the first examination when she stated she did not ingest medication prior to the examination, the second examination she stated that she had and the third when she stated that she took medication but felt as though she had not." (PRUR 01085.)

## IV. PLAINTIFF CANNOT OBTAIN DOUBLE RECOVERY FOR INJUNCTIVE RELIEF IN AN ERISA ACTION

Plaintiff argues this court could only grant Defendants partial summary judgment since the injunctive relief claim was not the focus of Defendants' motion for summary judgment. However, Plaintiff's premise is wrong. Plaintiff cannot obtain equitable relief under ERISA in any case. Since there is no genuine issue with respect to whether she was entitled to benefits, there can be no recovery under the guise of an equitable remedy.

The civil enforcement provisions of ERISA are governed generally by ERISA § 502, 29 U.S. § 1132. Section 1132 provides, in relevant part:

(a) Persons empowered to bring a civil action

A civil action may be brought by

(1) A participant or beneficiary (A) for the relief provided for in subsection (c) of this section, or (B) to recover benefits due to him

under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

(2) The Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;

(3) A participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (I) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

Section 502(a)(1)(B) governs claims for the alleged wrongful denial of benefits. See *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996). Plaintiff's claim is a straightforward claim for benefits allegedly due under the terms of the Scene 7 employee welfare benefit plan. Plaintiff also attempts to seek relief under §502(a)(3) - where she seeks equitable relief declaring her entitled to the benefits she claims are due under the plan. § 502(a)(3) is typically referred to as a "catchall" provision, allowing equitable relief where "appropriate," meaning only where no other adequate relief is provided by ERISA. *Varity Corp., supra,* 516 U.S. at 515; *Ford v. MCI Communications Corp. Health & Welfare Plan*, 399 F.3d 1076, 1083 (9th Cir. 2005) [court refused relief under "catchall" provision where plaintiff asserted specific claims under other ERISA provisions]; *Korotynska v. Metropolitan Life Ins. Co.*, 474 F.3d 101, 106–107 (4th Cir. 2006) [citing cases holding equitable relief not appropriate to seek review of benefits denials].[2]

---

[2] The Supreme Court has limited the applicability of §502(a)(3) to beneficiaries who may not avail themselves of §502's other remedies. See *Varity Corp., supra,* 516 U.S. at 489. A majority of circuit courts, including the Ninth Circuit, in interpreting *Varity* have held that a claimant whose injury creates a cause of action under § 1132(a)(1)(B) may not proceed with a claim under § 1132(a)(3). *See, e.g., Antolik v. Saks, Inc.*, 463 F.3d 796, 803 (8th Cir.2006); *Ogden v. Blue Bell Creameries U.S.A., Inc.*, 348 F.3d 1284, 1287-88 (11th Cir.2003); *Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 610-11 (5th Cir.1998); *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 615-16 (6th Cir.1998); *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474-75 (9th Cir.1997); *Wald v. Sw. Bell Corp. Customcare Medical Plan*, 83 F.3d 1002, 1006 (8th Cir.1996).

Defendants' Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment

Case No. CV 07-6426 (WHA)

Plaintiff's Second Cause of Action is simply an ERISA claim for benefits under the Plan. Plaintiff attempts to recover additional equitable relief, which would appropriately be sought under ERISA § 502(a)(3), but which is barred by Plaintiff's claim for benefits under ERISA § 502(a)(1)(3). Accordingly, Plaintiff's Second Cause of Action improperly attempts to re-label her ERISA claim for benefits under the Plan as a separate and additional claim for declaratory and injunctive relief. This she cannot do. Her entitlement to LTD benefits was properly denied by Prudential under the terms of the Plan. Irrespective of the benefits decision, Plaintiff is not entitled to equitable relief because double recovery is precluded under ERISA law.

## V. PLAINTIFF'S REQUEST FOR *SUA SPONTE* ENTRY OF PARTIAL JUDGMENT IS BASELESS

Plaintiff seeks partial judgment based on Prudential's vocational analysis. Plaintiff cites one case, *Kassbaum v Steppenwolf Productions, Inc.*, 236 F.3d 487, 494 (9th Cir. 2000), for the general proposition that courts grant summary judgment to a non-moving party even without a cross-motion. However, the case is taken out of context and improperly applied because such an order would only be applicable – though very rarely and narrowly used[3] – where both parties have agreed there is no dispute as to the facts and the case is ready for judgment. *Id.; see also Factora v. District Director of U. S. Immigration & Naturalization Service*, 292 F. Supp. 518, 521 (C.D. Cal. 1968). Here, Plaintiff contends, wrongly, there are factual disputes.

## VI. CONCLUSION

Defendants cite overwhelming evidence proving there are no genuine issues of material fact as to whether Plaintiff's conditions are subject to the 24-month benefit limitation for

---

[3] The propriety of granting summary judgment in favor of a party who did not so move is often a "close question." *Sohappy v. Hodel*, 911 F.2d 1312, 1320 (9th Cir. 1990) (noting that "[a] close question is presented whether summary judgment should be entered in favor of the plaintiffs although they filed no such motion" and remanding to afford the defendant an opportunity to present evidence on this issue under consideration). Moreover, if a court concludes that a non-moving party is entitled to judgment, "great care must be exercised to assure that the original movant has had an adequate opportunity to show that there is a genuine issue and that his [or her] opponent is not entitled to judgment as a matter of law." *Kassbaum v Steppenwolf Productions, Inc.*, 236 F.3d 487, 494 (9th Cir. 2000), citing *Ramsey v. Coughlin*, 94 F.3d 71, 74 (2d Cir. 1996), quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 2720 at 34 (2d Ed. 1983).

1 | conditions based on primarily self-reported symptoms and the mental illness limitation.
2 | Fibromyalgia is, without question, a disease based on primarily self-reported symptoms.
3 | Plaintiff was fully informed of the benefits limitations throughout the claim process and had
4 | every opportunity to submit evidence showing her condition was not based on primarily self-
5 | reported symptoms or mental illness. She failed to do so during the claim process and here in
6 | this action. This court should grant Prudential's motion for summary judgment.

DATED: June 26, 2008

GORDON & REES LLP

By _____
Ronald K. Alberts
Tad A. Devlin
Attorneys for Defendants
SCENE 7, INC., LONG TERM DISABILITY
PLAN and THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA

-10-

Defendants' Reply to Plaintiff's
Opposition to Defendants'
Motion for Summary Judgment

Case No. CV 07-6426 (WHA)