1  Richard Johnston - SBN 124524
2  131-A Stony Circle, Suite 500
   Santa Rosa, California 95401
3  Telephone (707) 577-7422
   Facsimile (707) 837-9532

4  Attorney for Plaintiff
   Dawn Rutherford
5

6  Tad A. Devlin - SBN 190355
   Gordon & Rees LLP
7  275 Battery Street, 20th Floor
   San Francisco, California 94111
8  Telephone: (415) 986-5900
   Facsimile: (415) 986-8054
9
   Attorneys for Defendants
10 Scene 7, Inc. Long Term Disability Plan
   and
11 Prudential Insurance Company of America

12

13            **UNITED STATES DISTRICT COURT**

14           **NORTHERN DISTRICT OF CALIFORNIA**

15
   Dawn Rutherford,                        )  Case No. C 07-6426 WHA
16                                          )
            Plaintiff,                      )  **SUPPLEMENTAL JOINT CASE**
17                                          )  **MANAGEMENT STATEMENT**
        vs.                                 )
18                                          )  **Case Management**
   Scene 7, Inc. Long Term Disability Plan, )  **Conference:**    July 17, 2008
19 Prudential Insurance Company of America,  )  **Time:**          8:00 a.m.
                                            )  **Courtroom:**      9, 19th Floor
20          Defendants.                     )
   _____ )
21                                             Hon. William H. Alsup

22

23
        The parties hereto, pursuant to the court's Clerk's Notice Rescheduling Hearing (July 2,
24
   2008) submit this Supplemental Joint Case Management Conference Statement.
25

26

27

28
   _____
   SUPPLEMENTAL JOINT CASE
   MANAGEMENT STATEMENT

**(1) Jurisdiction and Service.**

This is an action for disability benefits under the Employee Retirement Income Security Act (ERISA), 29 USC §1001 *et. seq.*  This court has subject matter jurisdiction pursuant to 29 USC §1132(e) and 28 USC §1367(a).  There are no existing issues respecting personal jurisdiction or venue.  All parties have been served and have appeared.

**(2) Facts.**

Plaintiff's Statement:

Ms. Rutherford was an employee of Scene 7, Inc.  She was covered for long-term disability benefits under defendant Scene 7, Inc. Long Term Disability Plan ("Plan").  In August 2001, she initiated a claim for long-term disability benefits based on her diagnoses of fibromyalgia and depression.  The Plan provided benefits through August 2003, but terminated benefits at that time, pursuant to a determination by defendant Prudential Insurance Company of America, the claims administrator and insurer for the Plan.  Ms. Rutherford undertook several levels of appeal, and Prudential affirmed the termination of benefits in July 2004, November 2006, and July 2007.

Defendants' Statement:

Defendants contend the decision to terminate plaintiff's long term disability benefits was correct.  Plaintiff's long term disability benefits were terminated because it was determined plaintiff was no longer disabled from performing the material and substantial duties of her regular occupation.  The medical evidence pertaining to plaintiff did not support a functional impairment precluding plaintiff from working in her regular occupation.

The Administrative Record shows that plaintiff was not eligible for coverage pursuant to the terms of her Plan and defendants' decision was proper.

The disputed factual issue is whether plaintiff satisfied the Plan's definition of disability as of the date of denial of the claim for benefits.

**(3) Legal Issues.**

The parties anticipate legal disputes in this matter concerning Ms. Rutherford's claimed entitlement to disability benefits.  Specific anticipated issues include the following: (1) whether, on a *de novo* adjudication by the court, Ms. Rutherford is disabled, according to the pertinent policy provisions, as a function of one or more physical medical conditions; (2) whether Ms. Rutherford's claim for disability benefits is limited by a policy provision pertaining to "self-reported symptoms."  The "self-reported symptoms" issue is before the court in connection with the summary judgment motion filed by the Plan and Prudential, which is scheduled for hearing on July 17, 2008.

**(4) Motions.**

Currently pending, and scheduled for hearing on July 17, are the summary judgment motion filed by the Plan and Prudential, and Ms. Rutherford's motion for leave to conduct discovery.

Pending the outcome of the July 17 summary judgment hearing, the parties anticipate this matter will be resolved via cross-motions for judgment pursuant to Rule 52 of the ederal Rules of Civil procedure.

**(5) Amendments of Pleadings.**

The parties do not anticipate adding or dismissing any parties, claims, or defenses, or to otherwise amend the pleadings absent some change in controlling law.

**(6) Evidence Preservation.**

Plaintiff's Statement:

Ms. Rutherford has not destroyed any evidence in her possession or control relevant to the issues reasonably evident in this action.  As an individual plaintiff, she has no document-

destruction program or other ongoing systematic erasures of e-mails, voice mails, and the like.

<u>Defendants' Statement</u>:

Defendants contend the relevant evidence in this action is contained in the Administrative Record. In any event, defendants have not destroyed, and will not destroy, relevant evidence.

**(7) Disclosures.**

<u>Plaintiff's Statement</u>:

The parties have met and conferred, and Plaintiff has made her initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure.

<u>Defendants' Statement</u>:

Defendants contend initial disclosures are not required because this action will be tried on the Administrative Record only. Defendants have produced the Administrative Record.

**(8) Discovery.**

No discovery has been taken to date.

<u>Plaintiff's Statement</u>:

Ms. Rutherford believes discovery is appropriate, for reasons discussed in her motion for leave to conduct discovery, scheduled for hearing on July 17.

<u>Defendants' Statement</u>:

Scene 7 and Prudential contend there is no basis to conduct discovery and the court should not permit any additional discovery, for reasons discussed in their papers opposing Ms. Rutherford's motion for leave to conduct discovery.

**(9) Class Actions.**

Not applicable.

**(10) Related Cases.**

There are no related cases or proceedings pending before another judge of the court or before another court or administrative body.

**(11) Relief.**

Plaintiff's Statement:

Ms. Rutherford seeks recovery of disability benefits pursuant to 29 USC §1132(a)(1)(B). Based on currently available information she approximates the present value of benefits to date at $197,500, with benefits continuing to accrue at the approximate rate of $3,137 per month.  She also seeks an injunction under 29 USC §1132(a)(3) enjoining Prudential from violating ERISA and its enabling regulations with respect to requests for documents pertinent to administrative appeals of adverse benefit determinations.  Ms. Rutherford also seeks pre- and post-judgment interest, and reasonable attorney fees pursuant to 29 USC §1132(g).

Defendants' Statement:

Plaintiff is not entitled to receive future long term disability benefits under the terms of the Plan.  Under the Plan, plaintiff is only entitled to benefits so long as she is disabled.  The court cannot make any determination of future benefits, because of the availability of sedentary employment for plaintiff and technological advances that allow gainful alternative employment.

Defendants seek judgment in their favor on all claims and reserve the right to seek fees under 29 USC §1132(g).

**(12) Settlement and ADR.**

The parties believe settlement discussions could be productive, and suggest a referral to mediation.

**(13) Consent to Magistrate Judge for All Purposes.**

The Plan does not consent to have a magistrate judge conduct all further proceedings.

**(14) Other References.**

The parties do not consider this matter to be suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**(15) Narrowing of Issues.**

Pending the outcome of the summary judgment hearing on July 17, the parties do not believe this inquiry may be answered in the affirmative. The parties will continue to consider, and meet and confer on any issues that arise which may streamline trial of this matter.

**(16) Expedited Schedule.**

The parties do not believe the case could be practicably expedited beyond the typical time frame for resolution of cases involving disputed entitlement to ERISA benefits.

**(17) Scheduling.**

The parties do not anticipate expert testimony, and therefore do not request a schedule for designation of experts or expert discovery. The parties request a trial date within one year of the filing of the complaint, which was filed December 20, 2007. The parties request that all other deadlines be set in accordance with this court's custom and practice.

**(18) Trial.**

      <u>Plaintiff's Statement</u>:

      Ms. Rutherford anticipates a bench trial, or alternatively cross-motions for judgment under Rule 52, the hearing for which should be completed within one day.

      <u>Defendants' Statement</u>:

      Defendants contend the streamlined procedures applicable in an ERISA trial should apply.  An ERISA trial does not involve the normal parameters of a typical trial.  See *Kearney v. Standard Ins. Co.,* 175 F.3d 1084, 1094-1095 (9th Cir. 1999) (*en banc*).  The parties agree trial is not by jury, but to the bench.  Defendants do not anticipate calling live witnesses or experts, and any testimonial evidence submitted will be in the form of declarations.  The only documentary evidence presented will be the Administrative Record.

      Defendants contend the matter should be decided on the parties' trial briefs and the Administrative Record, and any additional evidence which may be permitted.  Defendants request the simultaneous exchange of opening trial briefs followed by responding trial briefs for this matter.  *Kearney, supra,* 175 F.3d at 1090.

      Richard Johnston will try the case for Ms. Rutherford, and Ronald Alberts and/or Tad Devlin will try the case for the Plan and Prudential.

      The parties agree the pretrial filings normally required, such as pretrial conference statements, are unnecessary.  The parties specifically request a waiver of the Rule 16 pretrial conference and related pretrial requirements, pursuant to Ninth Circuit precedent.

**(19) Disclosure of Non-party Interested Entities or Persons.**

      The parties are not aware of any other non-party interested entity or person.

**(20) Other matters.**

The parties are presently unaware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.  They will continue to consider ways to further streamline this case and will bring any suggestions to the court should they arise.

Dated: July 10, 2008

_____ /s/ _____
Richard Johnston
Attorney for Plaintiff
Dawn Rutherford

Gordon & Rees LLP

_____ /s/ _____
By:    Tad A. Devlin
Attorneys for Defendants
Scene 7, Inc. Long Term Disability Plan and
Prudential Insurance Company of America